United States District Court
for the District of Massachusetts – Worcester Division

Mark Prince, on behalf of himself and all others similarly situated,
                        Plaintiff,
    v.

Gold Medal Bakery, Inc.
                        Defendant.

**Class Action Complaint and Jury Demand**

Plaintiff Mark Prince ("Plaintiff"), individually and as a representative of all others similarly situated, by his attorney, Steffans Legal PLLC, alleges:

**Introduction**

1. Defendant Gold Medal Bakery, Inc. ("GMB") is a commercial bakery and delivery service based in Fall River, Massachusetts. GMB owns and operates a commercial bakery located at 21 Penn Street, Fall River, Massachusetts (the "Factory").

2. GMB employs approximately 500 non-exempt employees at the Factory who work as an integral part of the production team, including those who work in the production department, the wrapping department, the shipping department, the inspection department, the sanitation department, the quality control department, and the maintenance department, (the "Employees").

3. GMB requires the Employees to perform compensable work tasks before and after their scheduled shifts, when they are not clocked into GMB's timekeeping system, and does not compensate them for this work. This policy results in the Employees not being paid for all hours worked, including overtime.

4. In the course of performing their job responsibilities, GMB requires the Employees to wear various articles of protective clothing, including snap-front cotton tops bearing the name

1

"Gold Medal Bakery" across the front, cotton pants, safety glasses, hairnets, beardnets (if applicable), earplugs, and helmets in order to protect themselves from safety hazards, to protect the food being produced at the Factory from contamination, and as required by state and federal law (the "Equipment").

5. GMB arranges to have the cotton tops and cotton pants laundered on at least a weekly basis.

6. GMB prohibits the same cotton top from being worn more than once a week.

7. GMB prohibits the same cotton pant from being worn more than once a week.

8. The time the Employees spend putting on ("donning") and taking off ("doffing") this equipment before and after their shifts is compensable because it is integral and indispensable and an important part of the Employees' work, without which they could not perform safely and effectively.

9. GMB requires the Employees to wear all or some of the Equipment in order to comply with state and federal workplace safety regulations.

10. GMB requires the Employees to wear all or some of the Equipment in order to comply with state and federal food safety regulations.

11. GMB requires the Employees to wear all or some of the Equipment in order to comply with its own standard operating procedures.

12. In addition to donning and doffing the Equipment before and after their shifts and off the clock, GMB requires the Employees to spend substantial amounts of time off the clock (a) walking from the designated dressing rooms to the production area before the start of their scheduled shifts but after donning the equipment, and (b) walking from the production area back to the designated dressing area after the end of their scheduled shifts but before doffing the equipment.

13. The time the Employees spend walking to and from the production areas before and after their shifts is compensable because donning and doffing the equipment is a principal activity, and thus time spent performing those activities, as well as any walking and waiting time that occurs after the Employees engage in their first principal activity and before they finish their last principal activity, is part of a 'continuous workday' and is compensable.

14. The Employees perform the same basic job duties and are required to don, doff, and wear the same or substantially similar protective equipment.

15. Plaintiff seeks to represent current and former Employees who are similarly situated to each other in terms of their positions, job duties, pay structure, and GMB's violations of federal and state law, including GMB's common practice of not paying the Employees for pre-shift and post-shift donning, doffing, and walking time (the " Rule 23 Class").

16. GMB knew or could have easily determined how long it takes the Employees to complete their donning, doffing, and walking activities, and GMB could have properly compensated Plaintiffs and the members of the Rule 23 Class for this work, but deliberately chose not to.

**The Parties**

17. Plaintiff Mark Prince is a Massachusetts resident who worked for GMB in its wrapping department at the Factory from August 2006 to December 2019.

18. During his employment, GMB paid Mr. Prince as a non-exempt employee.

19. Mr. Prince's final hourly wage was $24.53.

20. GMB paid Mr. Prince overtime during the workweeks that he was clocked into the timekeeping system for more than 40 hours.

21. Defendant Gold Medal Bakery, Inc. is a Massachusetts corporation with its principal executive offices located at 21 Penn Street, Fall River, Massachusetts 02724.

22. Upon information and belief, GMB has employed over 500 Employees – including Plaintiff – at the Factory.

## Jurisdiction

23. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 because Plaintiff's claims raise a federal question under 29 U.S.C. § 201, *et seq.*

24. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

25. GMB's annual sales exceed $500,000.00, and GMB has more than two employees; thus, the FLSA applies in this case on an enterprise basis.

26. GMB's employees, including Plaintiff, engage in interstate commerce or in the production of goods for commerce; therefore, they are also covered by the FLSA on an individual basis.

27. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

28. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

29. This Court has personal jurisdiction over GMB because GMB conducts business within the state of Massachusetts and employs individuals within the state of Massachusetts.

## Venue

30. Venue is proper in this district because GMB resides in this district, because a substantial part of the events that give rise to this claim occurred in this district, and because GMB is subject to this court's personal jurisdiction with respect to the allegations in this complaint.

**Factual Allegations**

31.  GMB employed Plaintiff as an Employee at the Factory within the last three years. Plaintiff typically worked in excess of forty hours in a workweek during his employment.

32.  GMB required Plaintiff to work a substantial amount of unpaid time, including overtime, as part of his employment.

33.  Due to the nature of its operations, GMB requires the Employees to wear the Equipment to comply with federal and state safety and health regulations.

34.  Pursuant to GMB's common business practices, at the beginning of each workday, Plaintiff and the other Employees are required to remove their personal clothing and change into ("don") the Equipment. Subsequent to donning this gear and equipment, Plaintiff and the Employees are required to walk from the designated locker room to the production floor. The pre-shift donning and walking process at the Factory takes a substantial amount of time on a daily basis of approximately 20-25 minutes per shift.

35.  Before their scheduled shift, Plaintiff and the Employees are required to undertake the following essential work tasks in chronological order:

   a.  Arrive at the Factory at approximately 1:30 a.m. (if shift starts at 2:00 a.m.).

   b.  Enter Locker Room #1, unlock locker, and retrieve cotton pants and cotton shirt.

   c.  Walk to Locker Room #2, locate assigned locker, unlock locker.

   d.  Remove personal clothing and don snap-top cotton top, cotton pants, hardhat, and safety glasses.

   e.  Hang personal clothes and place any other personal belongings in assigned locker, shut locker, and lock locker.

   f.  Walk to a separate part of Locker Room #2, retrieve earplugs, hairnet, beardnet (if applicable), and don same.

   g.  Walk from Locker Room #2 to the production floor, clock in, and walk to their designated work area.

5

36. GMB prohibits the Employees from taking the Equipment home with them or otherwise removing it from the Factory.

37. GMB prohibits the Employees from leaving the locker room and entering the production floor without wearing the Equipment.

38. GMB does not compensate the Employees for all of the time donning the Equipment and walking to the production floor because GMB trains and instructs the Employees not to clock into the timekeeping system until *after* they complete the timely process of removing their personal clothing, donning the Equipment, and walking to the production floor.

39. Pursuant to GMB's common business practices, at the end of each workday, Plaintiff and the Employees are required to clock out of the timekeeping system, walk from the production floor to Locker Room #2, change out of ("doff") the cotton top and cotton pants and place them into a laundry bin; doff the earplugs, beardnet, and hairnet; unlock their locker; change back into their personal clothes; place the hardhat and eyeglasses into the locker; and lock their locker.

40. GMB does not compensate the Employees for the time spent walking from the production floor to Locker Room #2 and doffing the Equipment because GMB trains and instructs Plaintiff and the Employees to clock out of the timekeeping system *before* initiating the timely process of walking to Locker Room #2 and doffing the Equipment.

41. GMB compensates the Employees based upon the time they clock-in and clock-out. As a result, GMB does not pay the Employees for any of the work-related activities performed before they clock-in or after they clock-out.

42. As a result of GMB's compensation system, and other practices and policies followed by GMB, the Employees are not paid for all of the time which they work presently and they have not been paid for all of the time they have worked for several years.

43. The Employees wear the same or substantially similar equipment and protective gear in the course of performing their job responsibilities. This equipment and protective gear are integral and an important part of the Employees' work without which they could not perform their jobs safely or effectively.

44. GMB requires the Employees to wear the Equipment for its benefit.

45. The hours reflected on the Employees' paystubs are not accurate because GMB requires its Employees to perform compensable work tasks – *i.e.*, donning and doffing the Equipment and walking to and from designated clock-in and clock-out areas in the production building control rooms - before and after their shifts, when they are not clocked into the timekeeping system.

46. As a result of GMB's compensation policy, the Plaintiff and all of the other Employees are deprived of pay for compensable time worked, including overtime.

47. At all relevant times, GMB directed and directly benefited from the work performed by Plaintiff and the Employees in connection with the above-described pre-shift and post-shift donning, doffing, and walking activities.

48. At all relevant times, GMB controlled the work schedules, duties, protocols, applications, assignments and employment conditions of Plaintiff and the Employees.

49. At all relevant times, GMB was able to track the amount of time Plaintiff and the Employees spent in connection with the pre-shift and post-shift donning, doffing, and walking activities. However, GMB failed to do so and failed to compensate Plaintiff and the Employees for the off-the-clock work they performed.

50. At all relevant times, the Employees were non-exempt employees, subject to the requirements of the FLSA and the Massachusetts Wage Act.

51. At all relevant times, GMB used its attendance and adherence policies against Plaintiff and the Employees in order to pressure them into performing the pre-shift and post-shift off-the-clock work.

52. GMB expressly trained and instructed Plaintiff and the Employees to perform the above-described pre-shift donning and walking activities *before* the start of their scheduled shifts, to ensure they were prepared to engage in their work activities at the moment their shifts began.

53. GMB expressly trained and instructed Plaintiff and the Employees to perform the above-described post-shift doffing and walking activities *after* the end of their scheduled shifts and after punching out.

54. At all relevant times, GMB's policies and practices deprived Plaintiff and the Employees of wages owed for the pre-shift and post-shift donning, doffing and walking activities they performed. Because the Employees typically worked 40 hours or more every workweek, GMB's policies and practices also deprived them of overtime pay.

55. GMB knew or should have known that the time spent by Plaintiff and the Employees in connection with the pre-shift and post-shift donning, doffing, and walking activities was compensable under the law.

56. Despite knowing Plaintiff and the Employees performed compensable work before and after their scheduled shifts, GMB failed to make any effort to stop or disallow the off-the-clock work and instead permitted it to happen.

57. Unpaid wages related to the off-the-clock work described herein are owed to Plaintiff and the Employees at the FLSA mandated overtime premium of one and one-half times their regular rate of pay because Plaintiff and the Employees regularly worked in excess of 40 hours in a workweek.

## FLSA Collective Action Allegations

58. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> ***All current and former non-exempt employees who worked for GMB at the Factory at any time during the last three years who were required to don and doff protective clothing before the start of and after the end of their shift***.

(hereinafter referred to as the "FLSA Collective"). Plaintiff reserves the right to amend this definition if necessary.

59. GMB is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and the FLSA Collective.

60. Consistent with GMB's policy and pattern or practice, Plaintiff and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

61. GMB assigned and/or was aware of all of the work that Plaintiff and the members of the FLSA Collective performed.

62. As part of its regular business practices, GMB intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    a. Willfully failing to pay Plaintiff and the members of the FLSA Collective, premium overtime wages for all hours worked in excess of 40 hours per workweek at their regular rate of pay; and

    b. Willfully failing to record all of the time Plaintiff and the members of the FLSA Collective worked for the benefit of GMB.

63. GMB is aware or should have been aware that federal law required it to pay Plaintiff and the members of the FLSA Collective overtime premiums for all hours worked in excess of 40 per workweek.

64. GMB's unlawful conduct has been widespread, repeated, and consistent.

65. A collective action under the FLSA is appropriate because the employees described above are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The employees on behalf of whom Plaintiff brings this collective action are similarly situated because (a) they have been or are employed in the same or similar positions; (b) they were or are performing the same or similar job duties; (c) they were or are subject to the same or similar unlawful practices, policy, or plan; and (d) their claims are based upon the same factual and legal theories.

66. The employment relationships between GMB and every proposed FLSA Collective member are the same. The key issues - the amount of uncompensated pre-shift and post-shift donning, doffing, and walking time - do not vary substantially among the proposed FLSA Collective members.

67. Many similarly situated current and former GMB employees have been underpaid in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.

68. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

69. Those similarly situated employees are known to GMB, are readily identifiable, and can be located through GMB's records.

70. Plaintiff estimates the proposed FLSA Collective, including both current and former employees over the relevant period, will include several hundred workers. The precise number of FLSA Collective members should be readily available from a review of GMB's personnel and payroll records.

### Rule 23 Class Action Allegations

71. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(3) on his own behalf and on behalf of:

> ***All current and former non-exempt employees who worked for GMB at the Factory at any time during the last six years (for the common law claims) and/or the last three years (for the claims arising under the Massachusetts Wage Act and/or the Massachusetts Overtime Act) who were required to don and doff protective clothing before the start of and after the end of their shift***.

(hereinafter referred to as the "Rule 23 Class"). Plaintiff reserves the right to amend the putative class definition if necessary.

72. The members of the Rule 23 Class are so numerous that joinder of all Rule 23 Class members in this case would be impractical. Plaintiff reasonably estimates there are several hundred Rule 23 Class members. Rule 23 Class members should be easy to identify from GMB's computer systems and electronic payroll and personnel records.

73. There is a well-defined community of interest among Rule 23 Class members and common questions of law and fact predominate in this action over any questions affecting individual members of the Rule 23 Class. These common legal and factual questions include, but are not limited to, the following:

    a. Whether the time Rule 23 Class members spent on pre-shift activities prior to clocking in for each shift is compensable time;

    b. Whether the time Rule 23 Class members spent on post-shift activities subsequent to clocking out for each shift is compensable time; and

    c. Whether Rule 23 Class members are owed wages for time spent performing off-the-clock work activities, and, if so, the appropriate amount thereof.

74. Plaintiff's claims are typical of those of the Rule 23 Class in that he and all other Rule 23 Class members suffered damages as a direct and proximate result of GMB's common and

systemic payroll policies and practices. Plaintiff's claims arise from the same policies, practices, promises and course of conduct as all other Rule 23 Class members' claims, and his legal theories are based on the same legal theories as all other Rule 23 Class members.

75. Plaintiff will fully and adequately protect the interests of the Rule 23 Class and has retained counsel who is qualified and experienced in the prosecution of wage-and-hour class actions. Neither Plaintiff nor his counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

76. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because, *inter alia*, it is economically infeasible for Rule 23 Class members to prosecute individual actions on their own, and due to the fear of reprisal by their employer. Prosecution of this case as a Rule 23 Class action will also eliminate the possibility of duplicative lawsuits being filed in state and federal courts throughout the nation.

77. This case will be manageable as a Rule 23 Class action. Plaintiff and his counsel know of no unusual difficulties in this case, and GMB has advanced, networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

78. Because GMB acted and refused to act on grounds that apply generally to the Rule 23 Class declaratory relief is appropriate in this case with respect to the Rule 23 Class as a whole.

**Count 1 – 29 U.S.C. §216(b) – Failure to Pay Overtime in Violation of the FLSA**

79. Plaintiff re-alleges and incorporates all previous paragraphs.

80. At all times relevant to this action, GMB was engaged in interstate commerce, or in the production of goods for commerce, as defined by the FLSA.

81. At all times relevant to this action, Plaintiff and the FLSA Collective were "employees" of GMB within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

82. Plaintiff and the FLSA Collective, by virtue of their job duties and activities actually performed, are all non-exempt employees.

83. Plaintiff and the FLSA Collective either: (1) engaged in commerce; or (2) engaged in the production of goods for commerce; or (3) were employed in an enterprise engaged in commerce or in the production of goods for commerce.

84. At all times relevant to this action, GMB "suffered or permitted" Plaintiff and the FLSA Collective to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

85. At all times relevant to this action, GMB failed to pay the Plaintiff and the FLSA Collective the federally mandated overtime compensation for hours worked.

86. The off-the-clock work performed every shift by Plaintiff and the FLSA Collective is an essential part of their jobs, and these activities and the time associated with these activities are not *de minimis*.

87. In workweeks where Plaintiff and other FLSA Collective members worked 40 hours or more, the uncompensated off-the-clock work time, and all other overtime, should have been paid at the federally mandated rate of 1.5 times each employee's regularly rate of pay, including the shift differential where applicable. 29 U.S.C. § 207.

88. GMB's violations of the FLSA were knowing and willful. GMB knew or could have determined how long it takes Plaintiff and the FLSA Collective to perform their off-the-clock work. Further, GMB could have easily accounted for and properly compensated Plaintiff and the FLSA Collective for these work activities, but deliberately chose not to.

89. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (including unpaid overtime), plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

### Count 2 – M.G.L. c. 151 §1A – Failure to Pay Overtime

90. Plaintiff re-alleges and incorporates all previous paragraphs.

91. GMB was an "employer" of Plaintiff and the members of the FLSA Collective and members of the Rule 23 Class who worked at its Massachusetts facilities as that term is used in the Massachusetts Overtime Act.

92. Plaintiff and the members of FLSA Collective and the Rule 23 Class were engaged in an "occupation" as that term is used in the Massachusetts Overtime Act.

93. GMB failed to pay Plaintiff and the members of the FLSA Collective and the Rule 23 Class for all hours worked over 40 in a workweek at the appropriate rate, in violation of the Massachusetts Overtime Act.

94. Due to GMB's violation of the Massachusetts Overtime Act, Plaintiff and the members of the FLSA Collective and the Rule 23 Class have incurred harm and loss and are entitled to recover from GMB unpaid overtime mandatorily trebled, reasonable fees, costs of the action, and pre- and post-judgment interest.

### Count 3 – M.G.L. c. 149 §148 – Failure to Pay Wages

95. Plaintiff re-alleges and incorporates all previous paragraphs.

96. GMB was an "employer" of Plaintiff and the members of the FLSA Collective and members of the Rule 23 Class as that term is used in the Massachusetts Wage Act.

97. Plaintiff and the members of FLSA Collective and the Rule 23 Class were engaged in an "occupation" as that term is used in the Massachusetts Wage Act.

98. GMB failed to pay Plaintiff and the members of the FLSA Collective and the Rule 23 Class for all hours worked in a workweek, in violation of the Massachusetts Wage Act.

99. Due to GMB's violation of the Massachusetts Wage Act, Plaintiff and the members of the FLSA Collective and the Rule 23 Class have incurred harm and loss and are entitled to

recover from GMB unpaid wages mandatorily trebled, reasonable fees, costs of the action, and pre- and post-judgment interest.

**Count 4 – Unjust Enrichment**

100. Plaintiff re-alleges and incorporates all previous paragraphs.

101. Plaintiff and the members of the FLSA Collective and the Rule 23 Class conferred a benefit upon GMB by, among other things, donning equipment, doffing equipment, and walking to and from the production floor.

102. GMB was aware that Plaintiff and the members of the FLSA Collective and the Rule 23 Class were conferring these benefits.

103. GMB did not fully and justly compensate Plaintiff or the members of the FLSA Collective and the Rule 23 Class for conferring these benefits.

104. Allowing GMB to accept and retain these benefits without payment for their value would be unjust.

105. GMB's failure to fully compensate Plaintiff and the members of the FLSA Collective and the Rule 23 Class for conferring these benefits has caused them to suffer monetary damages.

**Count 5 – *Quantum Meruit***

106. Plaintiff re-alleges and incorporate all previous allegations.

107. Plaintiff and the members of the FLSA Collective and the Rule 23 Class rendered valuable services upon GMB by donning equipment, doffing equipment, and walking to and from the production floor.

108. GMB accepted, used, and enjoyed these services.

109. A reasonable person would have expected to compensate Plaintiff and the members of the FLSA Collective and the Rule 23 Class for such use and enjoyment.

110. Plaintiff and the members of the FLSA Collective and the Rule 23 Class had a reasonable expectation of receiving compensation for the services which were rendered.

111. GMB's failure to fully compensate Plaintiff and the members of the FLSA Collective and the Rule 23 Class for conferring these benefits have caused them to suffer monetary damages.

**Relief Requested**

Plaintiff, on his own behalf and on behalf of the putative FLSA Collective and Rule 23 Class, request judgment as follows:

A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein (Count I);

B. Certifying this action as a class action (for the Rule 23 Class);

C. Ordering GMB to disclose in computer format, or in print if no computer readable format is available, the names, addresses, telephone numbers, and email addresses of all members of the FLSA Collective and the Rule 23 Class, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their rights by law to join and participate in this lawsuit;

D. Designating Plaintiff as the representatives of the FLSA Collective and the Rule 23 Class, and undersigned counsel as Class counsel for the same;

E. Declaring GMB violated the FLSA, the Massachusetts Overtime Act, Massachusetts common law, and the Massachusetts Wage Act;

F. Declaring GMB's violations of the FLSA, the Massachusetts Overtime Act, Massachusetts common law, and the Massachusetts Wage Act were willful,

G. Granting judgment in favor of Plaintiff and against GMB and awarding Plaintiff and the members of the FLSA Collective and the Rule 23 Class the full amount of damages and liquidated damages available by law;

H.      Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

I.      Awarding pre- and post-judgment interest to Plaintiff on these damages; and

J.      Awarding such other and further relief as this Court deems appropriate.

## Jury Demand

Plaintiff, individually and on behalf of all others similarly situated, demands a trial by jury as to the allegations contained in this Complaint.

Date: January 14, 2020                            Respectfully submitted,

*(signature)*
_____
Benjamin Knox Steffans (BBO# 568535)
Steffans Legal PLLC
7 North Street, Suite 307
Pittsfield, MA 01201
Phone: (413) 418-4176
Email: bsteffans@steffanslegal.com
*Attorneys for Plaintiff and the Putative Collective/Class Members*